## Philip Van Buren v. The Citizens Bank of Louisiana.

Defendants having offered a reward of a certain sum, for the apprehension and conviction of any of the persons engaged in the circulation of certain counterfeit bills, plaintiff, who had arrested and procured the conviction of one of the persons, claimed the reward. Defendants refused to pay the amount, on the ground that they had already paid the sum named to others who had undertaken to effect the arrest of some of the offenders, but who had not succeeded in convicting any. *Held*, that admitting that the defendants were bound to pay but one reward, the conviction, by the plaintiff's procurement, entitled him to it.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Benjamin*, for the plaintiff.

*Grima*, for the appellants.

MARTIN, J. Counterfeited bills of the Citizens Bank having been in circulation, the Board of Directors caused an advertisement to be inserted in a gazette, offering a reward of $500 for the apprehension and conviction of *any of the persons* engaged in the circulation; and in another advertisement in the French language, the reward is promised to be paid for the apprehension and conviction of *any one of the persons* engaged in the circulation. The plaintiff procured the arrest and conviction of one of the

persons thus engaged, and a few days after the conviction de-
manded from the defendants the promised reward. It was refused,
on the allegation that it had not been offered for the apprehen-
sion and conviction of more than one of those persons, and that
$500 had already been paid by the defendants, for the apprehen-
sion of another individual than the one procured to be arrested
and convicted by the plaintiff; whereupon the present suit was
brought. The defendants pleaded the general issue, and urged
the above allegations.

There was a verdict and judgment for the plaintiff, and the de-
fendants appealed, after an unsuccessful attempt to obtain a new
trial.

It does not appear to us, that they are entitled to relief at our
hands. The evidence shows the arrest, by the procurement of the
plaintiff, of a person engaged in the circulation of the counterfeit
notes, the conviction of the offender, and the demand of the re-
ward immediately after the conviction. The defendants have, in-
deed, shown that they had previously paid $500 to a person, who
had undertaken to travel and labor for the apprehension and con-
viction of some of the offenders, without, however, having suc-
ceeded in convicting any of them. Admitting that the French
advertisement controlled that in the English language, and re-
stricted the obligations of the defendants to the payment of one
reward, on which it is useless that we should express any opinion,
the conviction by the procurement of the plaintiff entitled him to
the reward.

*Judgment affirmed.*